**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION**

| | |
|---|---|
| TOBY GILBERTO, ALLEN EVERSOLL, JOSHUA MAUERMAN, and JOHN JONES, individuals, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>HOT-LINE FREIGHT SYSTEM, INC., a Wisconsin Corporation, )<br><br>Defendant. ) | Case No. 2017<br><br>**JURY DEMANDED** |

**COMPLAINT AND JURY DEMAND**

NOW COME the Plaintiffs, TOBY GILBERTO, ALLEN EVERSOLL, JOSHUA MAUERMAN, and JOHN JONES by and through their attorneys, Barrick Switzer Long Balsley & Van Evera, LLP, and for their Complaint against the Defendant, HOT-LINE FREIGHT SYSTEM, INC. state as follows:

**Preliminary Statement**

1. This is an action for unpaid overtime brought by former employees of Hot-Line Freight System, Inc. (hereinafter "Hot-Line") who were incorrectly miscategorized by Hotline as exempt from overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**Parties**

2. Toby Gilberto (hereinafter "Gilberto") is a natural person who has at all times relevant hereto resided in Winnebago County, Illinois.

3. Allen Eversoll (hereinafter "Eversoll") is a natural person who has at all times relevant hereto resided in Winnebago County, Illinois.

4. Joshua Mauerman (hereinafter "Mauerman") is a natural person who has at all times relevant hereto resided in Winnebago County, Illinois.

5. John Jones (hereinafter "Jones") is a natural person who has at all times relevant hereto resided in Winnebago County, Illinois.

6. Gilberto, Eversoll, Mauerman, and Jones may be referred to as "Plaintiffs"

7. Hot-Line is a Wisconsin Corporation with its principal place of business in West Salem, Wisconsin.

8. Hot-Line regularly carries on business and employs employees in Rockford, Illinois.

9. The claims asserted herein arise from Hot-Line's employment of the Plaintiffs in Rockford, Illinois.

## Jurisdiction

10. This Court has original jurisdiction over this case as Counts I-IV are predicated on the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

11. This Court has supplemental jurisdiction over Counts V-VIII pursuant to 28 U.S.C. § 1367, as the same facts that give rise to Counts I-IV are the same facts that give rise to Counts V-VIII, so that the claims form part of the same case or controversy.

## Venue

12. Venue is proper in this Court under 28 U.S.C. 1391(b)(2) as a substantial part of the events and omissions giving rise to the claims giving rise to the claims asserted herein occurred in the Northern District of Illinois.

**Facts Common to all Counts**

13.     The claims alleged in this Complaint arise from Hot-Line's employment of the Plaintiffs.

14.     Gilberto was employed by Hot-Line from approximately December 14, 2015, through approximately December 11, 2016.

15.     Eversoll was employed by Hot-Line from approximately March 10, 2016, through approximately December 3, 2016.

16.     Mauerman was employed by Hot-Line from approximately September 19, 2016, through approximately December 4, 2016.

17.     Jones was employed by Hot-Line from approximately August 10, 2015 through approximately December 11, 2016.

18.     During their employment with Hot-Line, the Plaintiffs routinely worked more than forty hours per week.

19.     During the entire course of Gilberto's employment with Hot-Line, he earned a fourteen dollar ($14.00) hourly wage.

20.     The minimum overtime hourly wage that should have been paid to Gilberto throughout his employment with Hot-Line was twenty-one dollars ($21.00) per hour.

21.     From December 14, 2015 through December 11, 2016, Gilberto worked a total of 181.51 hours of overtime (defined for this Complaint as the total of hours worked beyond forty in a given week) for Hot-Line.

22.     During the entire course of Eversoll's employment with Hot-Line, he earned a fourteen dollar ($14.00) hourly wage.

3

23. The minimum overtime hourly wage that should have been paid to Eversoll throughout his employment with Hot-Line was twenty-one dollars ($21.00) per hour.

24. From March 10, 2016, through December 3, 2016, Eversoll worked a total of 211.29 hours of overtime for Hot-Line.

25. During the entire course of Mauerman's employment with Hot-Line, he earned a fourteen dollar ($14.00) hourly wage.

26. The minimum overtime hourly wage that should have been paid to Mauerman throughout his employment with Hot-Line was twenty-one dollars ($21.00) per hour.

27. From September 19, 2016, and December 4, 2016, Mauerman worked a total of 94.84 hours of overtime for Hot-Line.

28. From August 10, 2015, through December 13, 2015, Jones earned a fourteen dollar ($14.00) hourly wage.

29. The minimum overtime hourly wage that should have been paid to Jones from August 10, 2015, until December 13, 2015 was twenty-one dollars ($21.00) per hour.

30. From August 10, 2015, through December 13, 2015, Jones worked a total of 139.59 hours of overtime for Hot-Line.

31. From December 14, 2015, through April 17, 2016, Jones earned a fifteen dollar ($15.00) hourly wage.

32. The minimum overtime hourly wage that should have been paid to Jones from December 14, 2015, until April 17, 2016 was twenty-two and 50/100 dollars ($22.50) per hour.

33. From December 14, 2015, through April 17, 2016, Jones worked a total of 163.09 hours of overtime for Hot-Line.

34. From April 18, 2016, through December 11, 2016, Jones earned a sixteen dollar ($16.00) hourly wage.

35. The minimum overtime hourly wage that should have been paid to Jones from April 18, 2016 until December 11, 2016 was twenty-four dollars ($24.00) per hour.

36. From April 18, 2016, through December 11, 2016, Jones worked a total of 288.86 hours of overtime.

37. The Plaintiffs were not paid more than their then-applicable hourly wage for the hours worked in excess of forty in any week during the time periods described above.

### COUNT I: Fair Labor Standards Act Violation, 29 U.S.C. 201 et seq. as to Gilberto

38. The Plaintiffs restate and re-allege the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

39. Under the Fair Labor Standards Act, nonexempt employees who are not compensated at least one and one-half times their regular rate of compensation for each hour worked in a week past forty, are entitled to damages of the unpaid overtime compensation, and an additional equal amount as liquidated damages.

40. The work done by the Gilberto during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

41. The work done by the Gilberto during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

42. The Motor Carrier Exemption to the Fair Labor Standards Act is inapplicable to the work done by Gilberto for Hotline.

5

43. Gilberto was not an exempt Hot-Line employee for the purposes of the Fair Labor Standards Act.

44. Gilberto was not compensated by Hot-Line commensurate with the minimum compensation required by the Fair Labor Standards Act for overtime work.

45. Based on Gilberto having worked 181.51 hours of uncompensated overtime for Hot-Line, Defendant is liable to Gilberto in the amount of one thousand two hundred seventy and 57/100 dollars ($1,270.57) as compensatory damages.

46. The Defendant is further liable to Gilberto in the amount of one thousand two hundred seventy and 57/100 dollars ($1,270.57) as statutory liquidated damages.

47. Prejudgment interest may be awarded to a prevailing employee in the event that liquidated damages are not awarded.

48. The Fair Labor Standards Act further entitles prevailing employee to reasonable attorney's fees.

WHEREFORE, Plaintiff, Toby Gilberto, respectfully requests this Honorable Court enter an Order awarding Mr. Gilberto one thousand two hundred seventy and 57/100 dollars ($1,270.57) as compensatory damages and one thousand two hundred seventy and 57/100 dollars ($1,270.57) as liquidated damages for a total of two thousand five hundred forty-one and 14/100 dollars ($2,541.14), or, alternatively, prejudgment interest if liquidated damages are not awarded, plus reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

### COUNT II: Fair Labor Standards Act Violation, 29 U.S.C. 201 et seq. as to Eversoll

49. The Plaintiffs restate and re-allege the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

50. Under the Fair Labor Standards Act, nonexempt employees who are not compensated at least one and one-half times their regular rate of compensation for each hour worked in a week past forty, are entitled to damages of the unpaid overtime compensation, and an additional equal amount as liquidated damages.

51. The work done by the Eversoll during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

52. The work done by the Eversoll during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

53. The Motor Carrier Exemption to the Fair Labor Standards Act is inapplicable to the work done by Eversoll for Hot-Line.

54. Eversoll was not an exempt Hot-Line employee for the purposes of the Fair Labor Standards Act.

55. Eversoll was not compensated by Hot-Line commensurate with the minimum compensation required by the Fair Labor Standards Act for overtime work.

56. Based on Eversoll having worked 211.29 hours of uncompensated overtime for Hot-Line, Defendant is liable to Eversoll in the amount of one thousand four hundred seventy-nine and 03/100 dollars ($1,479.03) as compensatory damages.

57. The Defendant is further liable to Eversoll in the amount of one thousand four hundred seventy-nine and 03/100 dollars ($1,479.03) as liquidated damages.

58. Prejudgment interest may be awarded to a prevailing employee in the event that liquidated damages are not awarded.

59. The Fair Labor Standards Act further entitles prevailing employee to reasonable attorney's fees.

WHEREFORE, Plaintiff, Allen Eversoll, respectfully requests this Honorable Court enter an Order awarding Mr. Eversoll one thousand four hundred seventy-nine and 03/100 dollars ($1,479.03) as compensatory damages and one thousand four hundred seventy-nine and 03/100 dollars ($1,479.03) as liquidated damages for a total of two thousand nine hundred fifty-eight and 06/100 dollars ($2,958.06), or, alternatively, prejudgment interest if liquidated damages are not awarded, plus reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

## COUNT III: Fair Labor Standards Act Violation, 29 U.S.C. 201 et seq. as to Mauerman

60. The Plaintiffs restate and re-allege the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

61. Under the Fair Labor Standards Act, nonexempt employees who are not compensated at least one and one-half times their regular rate of compensation for each hour worked in a week past forty, are entitled to damages of the unpaid overtime compensation, and an additional equal amount as liquidated damages.

62. The work done by the Mauerman during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

63. The work done by the Mauerman during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

8

64. The Motor Carrier Exemption to the Fair Labor Standards Act is inapplicable to the work done by Mauerman for Hot-Line.

65. Mauerman was not an exempt Hot-Line employee for the purposes of the Fair Labor Standards Act.

66. Mauerman was not compensated by Hot-Line commensurate with the minimum compensation required by the Fair Labor Standards Act for overtime work.

67. Based on Mauerman having worked 94.84 hours of uncompensated overtime for Hot-Line, Defendant is liable to Mauerman in the amount of six hundred sixty-three and 88/100 dollars ($663.88) as compensatory damages.

68. The Defendant is further liable to Mauerman in the amount of six hundred sixty-three and 88/100 dollars ($663.88) as liquidated damages.

69. Prejudgment interest may be awarded to a prevailing employee in the event that liquidated damages are not awarded.

70. The Fair Labor Standards Act further entitles prevailing employee to reasonable attorney's fees.

WHEREFORE, Plaintiff, Joshua Mauerman, respectfully requests this Honorable Court enter an Order awarding Mr. Mauerman six hundred sixty-three and 88/100 dollars ($663.88) as compensatory damages and six hundred sixty-three and 88/100 dollars ($663.88) as liquidated damages, for a total of one thousand three hundred twenty-seven and 76/100 dollars ($1,327.76), or alternatively, prejudgment interest if liquidated damages are not awarded, reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

### COUNT IV: Fair Labor Standards Act Violation, 29 U.S.C. 201 et seq. as to Jones

71. The Plaintiffs restate and re-allege the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

72. Under the Fair Labor Standards Act, nonexempt employees who are not compensated at least one and one-half times their regular rate of compensation for each hour worked in a week past forty, are entitled to damages of the unpaid overtime compensation, and an additional equal amount as liquidated damages.

73. The work done by the Jones during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

74. The work done by the Jones during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

75. The Motor Carrier Exemption to the Fair Labor Standards Act is inapplicable to the work done by Jones for Hot-Line.

76. Jones was not an exempt Hot-Line employee for the purposes of the Fair Labor Standards Act.

77. Jones was not compensated by Hot-Line commensurate with the minimum compensation required by the Fair Labor Standards Act for overtime work.

78. Based on Jones having worked 139.59 hours of uncompensated overtime from December 14, 2015, through December 13, 2015; 163.09 hours of uncompensated overtime from December 14, 2015, through April 17, 2016; and 288.86 hours of uncompensated overtime from April 18, 2016, through December 11, 2016, Defendant is liable to Mauerman in the amount of four thousand five hundred eleven and 19/100 dollars ($4,511.19) as compensatory damages.

79. The Defendant is further liable to Jones in the amount of four thousand five hundred eleven and 19/100 dollars ($4,511.19) as liquidated damages.

80. Prejudgment interest may be awarded to a prevailing employee in the event that liquidated damages are not awarded.

81. The Fair Labor Standards Act further entitles prevailing employee to reasonable attorney's fees.

WHEREFORE, Plaintiff, John Jones, respectfully requests this Honorable Court enter an Order awarding Mr. Jones four thousand five hundred eleven and 19/100 dollars ($4,511.19) in compensatory damages and four thousand five hundred eleven and 19/100 dollars ($4,511.19) in liquidated damages, for a total of nine thousand twenty-two and 38/100 dollars ($9,022.38), or alternatively, prejudgment interest if liquidated damages are not awarded, reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

### COUNT V: Illinois Minimum Wage Law Violation, 820 ILCS 105/1 et seq. as to Gilberto

82. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

83. The Illinois Minimum Wage Law (820 ILCS 105/1 et seq.) requires employers to compensate nonexempt employees who have worked in excess of forty hours in a week no less than one and one-half times their regular rate of pay for each hour worked in excess of forty.

84. The work done by Gilberto during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

85. The work done by Gilberto during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

86. The Motor Carrier Exemption to the Illinois Minimum Wage Law is inapplicable to the work done by Gilberto.

87. Gilberto was not an exempt employee for the purposes of the Illinois Minimum Wage Law.

88. Gilberto was not compensated by Hot-Line commensurate with the minimum compensation required under the Illinois Minimum Wage Law.

89. Prevailing employees, who have been unlawfully uncompensated for working in excess of forty hours in a week are entitled, under the Illinois Minimum Wage Law to damages in the amount of the underpayment.

90. The Defendant is liable to Gilberto in the amount of one thousand two hundred seventy and 57/100 dollars ($1,270.57) as compensatory damages.

91. Prevailing employees who have been unlawfully uncompensated for overtime work are further entitled to "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

92. Prevailing employees who have been unlawfully uncompensated in accordance with the Illinois Minimum Wage Law are also entitled to reasonable attorney's fees. *Id.*

WHEREFORE, Plaintiff, Toby Gilberto, respectfully requests this Honorable Court enter an Order awarding Mr. Gilberto one thousand two hundred seventy and 57/100 dollars

($1,270.57) as compensatory damages, plus prejudgment interest, reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

### COUNT VI: Illinois Minimum Wage Law Violation, 820 ILCS 105/1 et seq. as to Eversoll

93. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

94. The Illinois Minimum Wage Law requires employers to compensate nonexempt employees who have worked in excess of forty hours in a week no less than one and one-half times their regular rate of pay for each hour worked in excess of forty.

95. The work done by Eversoll during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

96. The work done by Eversoll during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

97. The Motor Carrier Exemption to the Illinois Minimum Wage Law is inapplicable to the work done by Eversoll.

98. Eversoll was not an exempt employee for the purposes of the Illinois Minimum Wage Law.

99. Eversoll was not compensated by Hot-Line commensurate with the minimum compensation required under the Illinois Minimum Wage Law.

100. Prevailing employees, who have been unlawfully uncompensated for working in excess of forty hours in a week are entitled, under the Illinois Minimum Wage Law to damages in the amount of the underpayment.

101. The Defendant is liable to Eversoll in the amount of one thousand four hundred seventy-nine and 03/100 dollars ($1,479.03) as compensatory damages.

102. Prevailing employees who have been unlawfully uncompensated for overtime work are further entitled to "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

103. Prevailing employees who have been unlawfully uncompensated in accordance with the Illinois Minimum Wage Law are also entitled to reasonable attorney's fees. *Id.*

WHEREFORE, Plaintiff, Allen Eversoll, respectfully requests this Honorable Court enter an Order awarding Mr. Eversoll one thousand four hundred seventy-nine and 03/100 dollars ($1,479.03) as compensatory damages, plus prejudgment interest, reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

### COUNT VII: Illinois Minimum Wage Law Violation, 820 ILCS 105/1 et seq. as to Mauerman

104. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

105. The Illinois Minimum Wage Law (820 ILCS 105/1 et seq.) requires employers to compensate nonexempt employees who have worked in excess of forty hours in a week no less than one and one-half times their regular rate of pay for each hour worked in excess of forty.

106. The work done by Mauerman during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

107. The work done by Mauerman during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

108. The Motor Carrier Exemption to the Illinois Minimum Wage Law is inapplicable to the work done by Mauerman.

109. Mauerman was not an exempt employee for the purposes of the Illinois Minimum Wage Law.

110. Mauerman was not compensated by Hot-Line commensurate with the minimum compensation required under the Illinois Minimum Wage Law.

111. Prevailing employees, who have been unlawfully uncompensated for working in excess of forty hours in a week are entitled, under the Illinois Minimum Wage Law to damages in the amount of the underpayment.

112. The Defendant is liable to Mauerman in the amount of six hundred sixty-three and 88/100 dollars ($663.88) as compensatory damages.

113. Prevailing employees who have been unlawfully uncompensated for overtime work are further entitled to "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

114. Prevailing employees who have been unlawfully uncompensated in accordance with the Illinois Minimum Wage Law are also entitled to reasonable attorney's fees. *Id.*

WHEREFORE, Plaintiff, Joshua Mauerman, respectfully requests this Honorable Court enter an Order awarding Mr. Mauerman six hundred sixty-three and 88/100 dollars ($663.88) as

compensatory damages, plus prejudgment interest, reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

### COUNT VIII: Illinois Minimum Wage Law Violation, 820 ILCS 105/1 et seq. as to Jones

115. Plaintiff restates and re-alleges the allegations contained in paragraphs 1-37 of the Complaint and incorporates those allegations as if fully set forth herein.

116. The Illinois Minimum Wage Law (820 ILCS 105/1 et seq.) requires employers to compensate nonexempt employees who have worked in excess of forty hours in a week no less than one and one-half times their regular rate of pay for each hour worked in excess of forty.

117. The work done by Jones during the course of his employment with Hot-Line consisted of merely providing physical assistance in loading freight and did not affect the safety of transportation.

118. The work done by Jones during the course of his employment with Hot-Line did not involve the exercise discretion or judgment in the planning and building of a balanced load to ensure the safety of vehicles involved in interstate transportation.

119. The Motor Carrier Exemption to the Illinois Minimum Wage Law is inapplicable to the work done by Jones.

120. Jones was not an exempt employee for the purposes of the Illinois Minimum Wage Law.

121. Jones was not compensated by Hot-Line commensurate with the minimum compensation required under the Illinois Minimum Wage Law.

122. Prevailing employees, who have been unlawfully uncompensated for working in excess of forty hours in a week are entitled, under the Illinois Minimum Wage Law to damages in the amount of the underpayment.

123. The Defendant is liable to Jones in the amount of four thousand five hundred eleven and 19/100 dollars ($4,511.19).

124. Prevailing employees who have been unlawfully uncompensated for overtime work are further entitled to "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

125. Prevailing employees who have been unlawfully uncompensated in accordance with the Illinois Minimum Wage Law are also entitled to reasonable attorney's fees. *Id.*

WHEREFORE, Plaintiff, John Jones, respectfully requests this Honorable Court enter an Order awarding Mr. Jones four thousand five hundred eleven and 19/100 dollars ($4,511.19) as compensatory damages, plus prejudgment interest, reasonable attorney fees, costs, and such other and further relief the Court deems equitable and just.

## JURY DEMAND

Plaintiffs, Toby Gilberto, Allen Eversoll, Joshua Mauerman, and John Jones, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: Oct. 4, 2017

TOBY GILBERTO, ALLEN EVERSOLL,
JOSHUA MAUERMAN and JOHN JONES

By: _____
Russell W. Baker

Russell W. Baker
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611
rbaker@bslbv.com